```
          IN THE UNITED STATES DISTRICT COURT FOR
        THE DISTRICT OF MARYLAND, NORTHERN DIVISION

                              *
CHRISTINE HEYDEMANN,
                              *
     Appellant,
                              *
          v.                          CIVIL NO.: WDQ-07-3362
                              *
UNITED STATES OF AMERICA,
                              *
     Appellee.
                              *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION

Christine Heydemann appeals from a bankruptcy court determination that the Internal Revenue Service (the "Service") properly imposed penalties against her for failing to comply with 26 U.S.C. § 6038.  For the following reasons, the bankruptcy court will be affirmed.

I.   Background

During 2001-2004, Heydemann and her ex-husband Eric Heydemann were co-owners of a Bahamian corporation named Zed X Ltd. ("Zed X").  Each of them owned 50 percent of Zed X, which owned real property in the Bahamas.  In 2002, Eric pled guilty to tax evasion.  Christine Heydemann cooperated fully with the Service during Eric's investigation.  In June 2005, Heydemann received a letter from the Service indicating that she had not continuously filed Form TD F 90-22.1, a disclosure form for foreign currency transactions required by 31 U.S.C. § 5314.

On October 11, 2005, Heydemann filed for Chapter 13 bankruptcy protection. On October 19, 2005, the Service filed a proof of claim for § 6038 penalties incurred by Heydemann.[1] The Service assessed penalties against Heydemann for the years 2001-2004 for failing to file Form 5471 declaring her ownership interest in Zed X. On December 7, 2005, Heydemann filed an objection to the Service's proof of claim.

After a trial on April 4, 2007 and a hearing on July 31, 2007, the bankruptcy court determined that the penalties assessed by the Service under § 6038 were proper.[2] The court found that although Heydemann had provided the Service with all the information required on Form 5471, her failure to file the form was dispositive. Bankruptcy Ct. Hr'g Tr. 14, 17, July 31, 2007. As § 6038 required the filing, the court ruled that Heydemann's non-compliance justified the mandatory penalty assessments.[3] *Id.*

---

[1] The Service did not pursue any violation of 31 U.S.C. § 5314 in its proof of claim.

[2] The Service also assessed penalties against Heydemann under 26 U.S.C. § 6035 (repealed 2005), which also required Heydemann to file Form 5471. The penalty provision for § 6035, 26 U.S.C. § 6679, provided that the penalties for failing to file were mandatory unless reasonable cause was shown. The bankruptcy court determined that reasonable cause had been demonstrated, and sustained Heydemann's objections to the § 6035 penalties.

[3] The court rejected Heydemann's arguments concerning, *inter alia*: (1) bankruptcy court jurisdiction to hear tax claims, 11 U.S.C. § 505, and (2) the Declaration of Taxpayer Rights that was attached to the June 2005 letter sent by the Service. Hr'g Tr. 13, 15-16.

2

17-18. On December 18, 2007, the bankruptcy court overruled Heydemann's objection to the § 6038 penalties, and allowed the Service's claim of $40,000 in penalties and $74.61 in interest to survive her bankruptcy.[4]  On December 14, 2007, Heydemann filed a notice of appeal.

II.  Analysis

Heydemann contends that the bankruptcy court erred because: (1) her cooperation with the Service obviated the need for her to file Form 5471, (2) she was entitled to prior notice of the penalties, and (3) the bankruptcy court had the discretion to waive the penalties.  The Court reviews the bankruptcy court's fact findings for clear error and legal conclusions de novo. *Wolf v. United States*, 372 B.R. 244, 248-49 (D. Md. 2007).

---

[4] The Service's original proof of claim requested $149,638.60 ($147,074.61 as an unsecured amount and $2,563.99 as a priority amount).  The Service's third amended proof of claim, filed on August 24, 2007, was for $47,638.60 ($45,074.61 as an unsecured amount and $2,563.99 as a priority amount).  Attached to this amended claim was a yearly breakdown of the penalty assessment.  According to the attachment, the Service assessed $5,000 in § 6035 penalties, and $40,000 in *§ 6046* penalties.  The citation to § 6046 appears to be a clerical error by the Service.  The parties never discussed § 6046 during the hearings, and do not contend that it applies here on appeal.  The bankruptcy court relied on the Service's third amended proof of claim in its December 18, 2007 Order.
    Despite these inconsistencies, the Court will treat the judgment below as one based on § 6038.  Heydemann does not dispute the Service's $2,563.99 priority claim, and is solely appealing the bankruptcy court's decision to allow the Service's $40,000 § 6038 claim.

A. Section 6038 Penalty Scheme

Under § 6038, every United States person must annually provide certain information to the Service "with respect to any foreign business entity which such person controls." 26 U.S.C. § 6038(a). A "foreign business entity" includes a "foreign corporation." *Id.* § 6038(e). For purposes of determining control over the foreign entity, stock ownership by a person's spouse is attributable to that person. *Id.* § 318(a). Persons with control over foreign corporations must file the information required by § 6038 on Form 5471. 26 C.F.R. § 1.6038-2 (2005).

Failing to comply with the reporting requirements of § 6038 results in a "penalty of $10,000 for each annual accounting period with respect to which such failure exists." 26 U.S.C. § 6038(b)(1). If the taxpayer does not comply within 90 days after notice of such failure, $10,000 penalties are imposed for each 30-day period during which the failure continues up to $50,000. *Id.* § 6038(b)(2). The taxpayer in a bankruptcy case must overcome the presumption that the Service's assessment is correct. *Raleigh v. Ill. Dep't of Revenue*, 530 U.S. 15, 22-23 (2000); *Liddy v. Comm'r*, 808 F.2d 312, 314 (4th Cir. 1986).

B. Heydemann's Prior Communications with the Service

Heydemann argues that her cooperation with the Service while it was investigating her ex-husband obviated her duty to file Form 5471. She contends that the Service had the information

4

required by Form 5471. The Service counters that Heydemann has not proven that it had the required information or explained why the Service should have to search through sources of information other than those mandated by law.

Heydemann has not established that she provided the Service with the required information. Section 6038 and regulations promulgated by the Service thereunder make filing Form 5471 mandatory for those who control foreign corporations.[5] Heydemann stipulated that she and her ex-husband were co-owners of Zed X, and that she did not file Form 5471 from 2001-2004. Appellee's Ex. 3, Am. Stipulation of Facts ¶¶ 1, 6-7. Heydemann is covered by § 6038, and her failure to file Form 5471 justifies imposition of the penalties.[6]

C. Prior Notice of § 6038 Penalties

Heydemann argues that she was entitled to prior notice

---

[5] Heydemann emphasizes that 26 C.F.R. § 1.6038-2 contains the Form 5471 filing requirement and not § 6038. Absent an improper delegation, a proposition not argued by Heydemann, that the filing requirement is contained in an agency regulation and not the implementing statute is of no moment. Unless arbitrary or capricious, rules promulgated pursuant to statutory directives are binding on citizens. *Schweiker v. Gray Panthers*, 453 U.S. 34, 44 (1981). As 26 C.F.R. § 1.6038-2 is neither arbitrary nor capricious, Heydemann is bound by it.

[6] Heydemann filed Forms 5471 for 2001-2004 during this litigation. The only information provided on the forms was: (1) Heydemann's name, address, and identifying information; (2) the name Zed X, and its date and place of incorporation; and (3) a stock certificate. Appellant Exs. 6-9. The Service considers these Forms 5471 incomplete. Appellant's Supp. Mem. at 5.

5

before the Service assessed the § 6038 penalties.  She argues that notice was required by the "Declaration of Taxpayer Rights" attached to the Service's June 7, 2005 letter.  Specifically, section VIII of the Declaration provides that "[t]he IRS will waive penalties when allowed by law if you can show you acted reasonably and in good faith or relied on the incorrect advice of an IRS employee."  Appellant's Ex. 5, at 3.  The Service contends that § 6038 penalties do not require prior notice.

There is no requirement that the initial assessment of § 6038 penalties requires prior notice.  Neither the statute nor any authority provided by Heydemann suggests such a requirement.  Indeed, courts have found that because § 6038 is a penalty assessment and not a deficiency in tax, no notice is required.  *Wheaton v. United States*, 888 F. Supp. 622, 625-26 (D.N.J. 1995).

Nor does the declaration attached to the June 7, 2005 letter afford Heydemann any relief.  Although a Taxpayer Bill of Rights has been codified, and has been used by taxpayers to bring civil actions against the Service, *see, e.g.*, *Buaiz v. United States*, 471 F. Supp. 2d 129, 135-36 (D.D.C. 2007), the Service's statement that cooperation with its agents may result in a waiver of penalties does not provide her with a basis for relief.[7]

---

[7] Any argument that Heydemann's cooperation or the Service's lack of notice estops the § 6038 penalties is without merit. *See, e.g.*, *Miller v. United States*, 949 F.2d 708, 712 (4th Cir. 1991) (equitable estoppel is prohibited in IRS cases).

D. Judicial Authority under 11 U.S.C. § 505

Heydemann argues that the bankruptcy court had the discretion under 11 U.S.C. § 505 to waive the § 6038 penalties. Section 505 of the Bankruptcy Code does not provide such authority. Rather, it provides that "the court *may* determine the amount or legality of any tax, any fine or penalty relating to a tax" in cases that have not been previously adjudicated in a contested proceeding. 11 U.S.C. § 505(a)(1) (emphasis added). This discretion is limited to interpreting the Tax Code. *In re French*, 242 B.R. 369, 375 (Bankr. N.D. Ohio 1999). Heydemann has not provided any authority that the bankruptcy court or this Court has any equitable power beyond that afforded by § 505. As the bankruptcy court followed § 6038 in upholding the Service's penalty assessment, section 505 does not afford Heydemann relief.[8]

III. Conclusion

For the reasons discussed above, the bankruptcy court will be affirmed.

April 23, 2008 /s/
Date William D. Quarles, Jr.
United States District Judge

---

[8] The $40,074.61 assessed by the Service under § 6038 was filed as an unsecured proof of claim. As this claim does not have priority status, *see* 11 U.S.C. § 507(a)(8), it may be dischargeable, *see id.* § 523(a)(1).

7